United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41141
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE NATIVIDAD GONZALEZ-PARDO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-377-ALL
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

Jose Natividad Gonzalez-Pardo appeals the sentence imposed following his guilty-plea conviction of illegal reentry after deportation, in violation of 8 U.S.C. § 1326.  The district court sentenced Gonzalez to 15 months of imprisonment, based in part on a prior illegal reentry conviction.

Gonzalez contends that his sentence is illegal under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), because it was imposed pursuant to a mandatory application of the United

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States Sentencing Guidelines. Gonzalez thus alleges a "Fanfan" error. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). In the district court, Gonzalez objected to his sentence under Blakely v. Washington, 542 U.S. 296 (2004), and the Government concedes that the issue is preserved and that it is subject to review for harmless error.

The Government has not carried its burden of showing beyond a reasonable doubt that the district court's error did not affect Gonzalez's sentence. See Walters, 418 F.3d at 464; United States v. Pineiro, 410 F.3d 282, 285-86 (5th Cir. 2005). We therefore vacate the sentence and remand for resentencing in accordance with Booker. See Walters, 418 F.3d at 464; Pineiro, 410 F.3d at 285-86.

Gonzalez also contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. Gonzalez's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Gonzalez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Gonzalez properly concedes that his argument is foreclosed in light of Almendarez-Torres and

circuit precedent, but he raises it here to preserve it for further review.  Accordingly, the judgment of conviction is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.